### E. L. SMART v. STATE.
#### No. A-3453.   Opinion Filed May 22, 1920.
#### (190 Pac. 269.)

Appeal from County Court, Rogers County; Edward Jordan, Judge.

E. L. Smart was convicted of unlawfully conveying intoxicating liquors, and he appeals. Affirmed.

Jennings & Hall, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Rogers county, Okla., wherein the defendant was convicted of unlawfully conveying certain intoxicating liquors, to wit, 108 quarts of whisky and 20 gallons of alcohol, from one place within said county to another place therein, and his punishment fixed at imprisonment in the county jail for a period of 60 days, and to pay a fine of $100. It is first alleged that there is a material variance between the allegations in the information as to the particular points from which and to which the said intoxicating liquors were alleged to have been conveyed and the proof adduced upon the trial as to such points. The information alleged certain points of intersection of certain sections of land in said Rogers county as the points from which and to which said conveyance was made, and the evidence in the record discloses that the prosecuting witness was at first somewhat confused as to the section numbers, but later in his examination, whatever confusion at first arose in his mind was cleared up, and there is evidence in the record supporting the allegations contained in the information as to the particular points from which and to which the said intoxicating liquors were conveyed by the defendant, and the jury was authorized to reasonably conclude from such evidence that such points were the identical points charged in the information.

It is also contended that the court erred in refusing to permit the defendant to prove, both by cross-examination of the prosecuting witness and later when said witness was called as a witness in behalf of the defendant, that the defendant had stated to such witness, about one hour after he was arrested, that he had purchased the said whisky and alcohol in Webb City, Mo., and was in the act of transporting it from that place into Rogers county, Okla., at the time he was apprehended. This evidence was properly excluded by the court, even should it be considered material in defense of this prosecution, which we do not decde, for the reason that it was nothing more than an attempt to prove a self-serving declaration on the part of the defendant, made about an hour after he was first arrested, and forming no part of the res gestae of the crime. For the reasons stated, the judgment of conviction is affirmed.